# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-1841

_____

United States of America

*Plaintiff - Appellee*

v.

David Allen Goodwin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: August 9, 2016
Filed: September 23, 2016
[Unpublished]

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.[1]

_____

PER CURIAM.

David Allen Goodwin pled guilty to being a felon in possession of a handgun, in violation of 18 U.S.C. § 922(g)(1), and was sentenced as an armed career criminal

_____

[1]This opinion is being filed by Judge Wollman and Judge Smith pursuant to 8th Cir. Rule 47E.

to the mandatory minimum punishment of 180 months' imprisonment. He appealed, contending that his Iowa burglary conviction did not qualify as a violent felony predicate under the Armed Career Criminal Act. 18 U.S.C. § 924(e)(1). We summarily affirmed the conviction, citing our court's recent decision in United States v. Mathis, 786 F.3d 1068 (8th Cir. 2015).

The United States Supreme Court granted Goodwin's petition for a writ of certiorari, vacated our judgment, and remanded the case to us for further consideration in light of its decision in Mathis v. United States, 136 S. Ct. 2243 (2016), which held that "[b]ecause the elements of Iowa's burglary law are broader than those of generic burglary, Mathis's convictions under that law cannot give rise to an ACCA sentence." Id. at 2257.

In a joint statement filed following the Supreme Court's remand order, the government agreed with Goodwin that Goodwin's sentence should be vacated and the case remanded for resentencing.

Goodwin's sentence is vacated, and the case is remanded to the district court for resentencing.

_____